```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 14-62579-Civ-MORENO
                                      (14-60157-Civ-MORENO)
                                      (10-60077-Cr-MORENO)
                              MAGISTRATE JUDGE P.A. WHITE
GARY BAPTISTE,

         Movant,

v.                                         REPORT OF
                                      MAGISTRATE JUDGE
UNITED STATES OF AMERICA,

         Respondent.
_____/
```

## I. Introduction

The movant, no stranger to this Court, has filed this federal proceeding, pursuant to 28 U.S.C. §2255, attacking the constitutionality of his convictions and sentences for conspiracy to commit Hobbs Act robbery, conspiracy to possess a firearm and ammunition in furtherance of a drug trafficking crime, carrying and using a firearm and ammunition during a drug trafficking crime, and felon in possession of a firearm and ammunition, entered following a jury verdict in case no. 10-60077-Cr-Moreno.

This Cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B),(C); S.D.Fla. Local Rule 1(f) governing Magistrate Judges, S.D. Fla. Admin. Order 2003-19; and, Rules 8 and 10 Governing Section 2255 Cases in the United States District Courts.

The Court has reviewed all of the filings in movant's first §2255 proceeding in this court, assigned case no. 14-60157-Civ-Moreno, together with the filings in this §2255 proceeding, assigned case no. 14-62579-Civ-Moreno, and the administrative

closed case, no. 14-24300-Civ-Moreno. The Court has paid careful attention to the pleadings and arguments contained in the §2255 motions, and in particular to movant's response (Cv-DE#23) to the government's motion for reconsideration (Cv-DE#23) of this court's supplemental order to show cause. Moreover, this court takes judicial notice of its own records contained in the underlying criminal case under attack here, case no. 10-60077-Cr-Moreno.[1]

## II. Procedural History

### A. Challenge to Criminal Case No. 10-60077-Cr-Moore

On November 28, 2010, a Superseding Indictment was returned charging movant and his coconspirators with numerous federal violations. (Cr-DE#168). Specifically as to the movant, he was charged with conspiracy to commit Hobbs Act robbery (Count 1), conspiracy to possess with intent to distribute five kilograms or more of cocaine (Count 2), attempted possession with intent to distribute five kilograms or more of cocaine (Count 3), conspiracy to use and carry a firearm and ammunition in furtherance of a drug trafficking crime and a crime of violence (Count 4), carrying and using a firearm and ammunition during a drug trafficking crime and a crime of violence (Count 5), and felon in possession of a firearm and ammunition (Count 6). (Id.). He proceeded to trial, where he was convicted on Counts 1, 4, 5, and 6, following a jury verdict. (Cr-DE#s176,300). After the jury was unable to reach a verdict as to Counts 2 and 3, the court granted the government's motion to dismiss those charges. (Cr-DE#315). Thereafter, movant was sentenced to a total term of 660 months imprisonment, consisting of two consecutive terms of 240 months imprisonment as to Counts 1 and

---

[1] See Fed.R.Evid. 201.

2

2, a consecutive term of 60 months imprisonment as to Count 5, and a consecutive 120 months imprisonment as to Count 6, to be followed by a total term of 5 years supervised release. (Cr-DE#338,342).

Movant appealed, and on **August 17, 2012,** the Eleventh Circuit Court of Appeals affirmed movant's convictions and sentences in a lengthy, written, but unpublished opinion. See United States v. Raphael, et al., 487 Fed.Appx. 490 (11th Cir. 2012)(unpublished); (Cr-DE#410). Certiorari review was denied on **February 19, 2013**. Baptiste v. United States, ___ U.S. ___, 133 S.Ct. 1293, 185 L.Ed.2d 222 (2013); (Cr-DE#412). For purposes of the federal one-year limitations period, the judgment of conviction in the underlying criminal case became final at the latest on **February 19, 2013,** when certiorari review was denied by the Supreme Court.[2]

### B. First §2255 Proceeding, Case No. 14-60157-Civ-Moreno

In accordance with the prisoner mailbox rule, movant then returned to this court filing his first §2255 motion to vacate, with supporting memorandum, and affidavit on **January 16, 2014, the date he signed the pleadings**. (14cv60157:Cv-DE#s1,4,5)(emphasis added). No prison logs or other prison file stamp or verification confirm the exact date the pleadings were handed over to the prison authorities for mailing. Absent evidence to the contrary, in accordance with the mailbox rule, it is assumed that the movant

---

[2]The Supreme Court has stated that a conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied. Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986); accord, United States v. Kaufman, 282 F.3d 1336 (11th Cir. 2002). Once a judgment is entered by a United States court of appeals, a petition for writ of certiorari must be filed within 90 days of the date of entry. The 90 day time period runs from the date of entry of the judgment rather than the issuance of a mandate. Sup.Ct.R. 13; see also, Close v. United States, 336 F.3d 1283 (11th Cir. 2003).

3

handed the pleadings to prison authorities for mailing on **January 16, 2014**, and thus are considered filed on the day he executed them.[3]

After review of the above filings, an order was entered requiring the movant to file an amended §2255 motion, on the proper form, in compliance with the Local Rules of the United States District Court, for the Southern District of Florida, the Federal Rules of Civil Procedure, and the Rules Governing Section 2255 Proceedings. (14cv60157:Cv-DE#7). A copy of the §2255 approved form for use in §2255 proceedings was enclosed with the copy of the court's order. (Id.). This order was not returned to the court as undeliverable by the postal service. Meanwhile, after *sua sponte* review of the record, when no amendment was filed by the previously ordered date, the time for filing the amendment was extended to on or before May 30, 2014. (14cv60157:Cv-DE#8). Movant was cautioned in both court orders that the failure to file the amended motion may result in dismissal of the action. (Id.).

On April 28, 2014, movant submitted a letter (14cv60157:Cv-DE#9:16-Letter), together with his amended motion, which he executed on May 14, 2014 (14cv60157:Cv-DE#9:14-Motion). In his letter, movant explained that the first time he received the enclosed blank §2255 form motion was with the courts's April 17th

---

[3]"Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009); see Fed.R.App. 4(c)(1)("If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing."). Unless there is evidence to the contrary, like prison logs or other records, a prisoner's motion is deemed delivered to prison authorities on the day he signed it. See Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001); Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

4

order.[4] (Id.:Letter). After review of the amendment §2255 motion, the court entered yet another May 20, 2015 *sua sponte* <u>final</u> order requiring movant to file yet another §2255 motion. Therein, the court explained that the movant's amended motion (Cv-DE#9) remained fatally deficient because each ground raised therein contained a plethora of legal claims, bereft of any factual support whatsoever. At the time, movant referred the court to an attached "memorandum of law," which was never included with his motion. (Id.). Again, movant was cautioned about failing to comply with the applicable laws, including the page limits, and substance of his §2255 amendments, and was ordered to file a legally sufficient, amended §2255 motion no later than June 30, 2014. (14cv60157:Cv-DE#10).

After the time for filing his final amended motion expired, on July 9th, 2014, the Undersigned entered a Report that the case be dismissed without prejudice, except as to the application of the federal limitations period or other procedural defenses which may apply, given movant's failure to comply with the court's orders. (14cv60157:Cv-DE#11).

Meanwhile, one day prior to expiration of the 14-day period to file objections, on **July 22, 2014,** movant signed objections to the Report of the Undersigned, together with an affidavit and a 32-page memorandum of law in support thereof, contrary to the court's prior orders regarding the form and substance of filings. (14cv60157:Cv-DE#s15-17). However, a certificate of service provided by the movant shows copies of those pleadings were mailed to the parties on **July 23, 2014**. (14cv60157:Cv-DE#15:14). Absent evidence to the contrary, in the form of redacted outgoing prison logs, in accordance with the mailbox rule, it will be assumed that the

---

[4] However, the docket sheet reveals otherwise.

5

movant handed the pleadings to prison officials for mailing on the same date that he signed it--July 22, 2014. However, it bears mentioning that the foregoing filings were not received by the court until **August 1, 2014.** (14cv60157:Cv-DE#15:1). In his affidavit, movant explained that inmates at U.S.P. Atwater, whereat he was confined at the time, were complaining that their incoming mail was routinely mishandled, delayed, or lost by the local post office. (14cv60157:Cv-DE#16-Affidavit).

Before receipt of the foregoing filings, but after the time for filing objections expired, by written order entered on **July 28, 2014,** the district court entered an order adopting the Report, and dismissing the case. (14cv60157:Cv-DE#12). A Final judgment was also entered on **July 28, 2014.** (14cv60157:Cv-DE#13). No direct appeal was filed.

Rather, on **August 11, 2014**, the movant signed a Rule 59(e) motion for reconsideration. (14cv60157:Cv-DE#19). The motion was not signed under penalty of perjury, nor is there any evidence to determine when it was handed to the prison authorities for mailing. Regardless, it is assumed, for purposes of the mailbox rule, that the movant filed the motion on August 11, 2014, the date he executed it. In his motion, movant claimed he did not "intentionally" disobey this court's orders, but was unable to comply with the deadlines due to the mishandling of his mail, which was beyond his control. (14Cv60157:Cv-DE#19:4). He attaches a copy of the Undersigned's July 2014 Report, and indicates that the writing and signature on the upper, right-hand corner, confirms that it was received by a prison official on July 16, 2014. However, movant did not attach an affidavit from the individual officer who purportedly signed the document, nor is the signature accompanied by any official stamp from the institution confirming

6

that, in fact, the signature belongs to a prison official, as suggested. (14Cv60157:Cv-DE#19:Exhibit-Report). Thus, on such a critical issue, the court finds movant has not met his burden of establishing that, in fact, the receipt date was July 16, 2014, as suggested. Even if so, and his time for filing objections shortened as a result thereof, the movant could well have filed that same day, or the day after, a motion for extension of time, requesting additional days to file objections to the Undersigned's Report. Movant did not do so. As a result, by written order entered on **August 22, 2014**, the district court denied movant's motion for rehearing. (14Cv60157:Cv-DE#20). No appeal therefrom was filed, and the time for doing so long expired.

Instead, almost three months later, in a handwritten letter dated **November 20, 2014,** addressed to the Clerk of Court, the movant requested clarification why case no. 14-24300-Civ-Moreno had been closed, and in its stead, case no. 14-62579-Civ-Moreno, was opened. (14Cv60157:Cv-DE#21). This letter was filed in movant's initial §2255 case. The letter, construed as a motion for clarification, was denied, with an explanation that case no. 14-24300-Civ-Moreno was administratively closed by the Clerk because an incorrect venue was selected when the docket was first created in CM/ECF. (14cv24300:Cv-DE#5). In its stead, case no. 14-62579-Civ-Moreno was opened, and all future filings were ordered to be docketed there. (Id.). It is worth noting at this juncture, that both cases originated from the filing of movant's November 4, 2014 motion to vacate. (14cv62579:Cv-DE#1:9).

C.  **Second §2255 Proceeding, Case No. 14-62579-Civ-Moreno**

On November 4, 2014, movant signed a new 12-page motion to vacate with supporting 4-page affidavit, assigned case no. 14-

7

62579-Civ-Moreno. (14Cv62579:Cv-DE#1). In accordance with the mailbox rule, absent evidence to the contrary, it is assumed that the motion was filed on the date it was signed by the movant. Movant also filed a 31-page supporting memorandum with 4 pages of exhibits, for a total of 36 pages. (14cv62579:Cv-DE#4). Since the foregoing was again in non-compliance with both federal and local rules, an order was entered requiring the movant, no stranger to this court, to file, on or before **December 24, 2014,** a concise, succinct §2255 motion. (14cv62579:Cv-DE#6). On **December 17, 2014,** movant, once again in disregard of this court's prior orders in this and his former §2255 proceeding, filed yet another 16-page amended §2255 (14cv:62579:Cv-DE#7), together with a 22-page memorandum (Id.:Cv-DE#8) and affidavit (Id.:Cv-DE#9). As a result, yet another order was sent requiring movant to file a concise §2255 motion on the proper form, within the page limit required by the rules. (Id.:Cv-DE#10). Movant was cautioned once again that failure to comply with the court's order may result in the dismissal of this action. (Id.).

On **January 14, 2015,** movant filed a final, 14-page amended §2255 motion (Id.:Cv-DE#11), together with a 23-page memorandum (Id.:Cv-DE#13), and affidavit (Id.:Cv-DE#12). Although the filings were still not in compliance with the page limitations under the local and federal rules, the movant's filings did, however, set forth the claims with sufficient clarity. (Id.). As a result, on January 22, 2015, an order to show cause was entered directing the government to file a response to the movant's final amended motion. (Id.:Cv-DE#14). In its initial response, the government did not address the merits of the claims raised by the movant. (Id.:Cv-DE#16). Instead, the government solely argued that movant's §2255 motion was time-barred because it was filed over one year after the conviction under attack therein had become final. (Id.).

Thereafter, an order was entered directing the government to file a supplemental response, re-addressing whether the claims raised herein relate back to the movant's initial, but previously dismissed federal §2255 motion. (Id.:Cv-DE#s17-18). In order to avoid further delay of this matter, the government was also ordered to file a response to the claims on the merits, in the alternative. (Id.:Cv-DE#s17-18).

Instead, the government filed a motion for reconsideration (Id.:Cv-DE#23), in which it argued for the first time, that the claims raised in this proceeding do not relate back to the previously dismissed action and thus this proceeding should be dismissed as time-barred. (Id.:Cv-DE#23). Movant has filed a reply thereto. (Id.:Cv-DE#27). In his response, movant suggests that the November 2014 motion, which was initially filed in this case, should not have received a new case number, and should have remained part and parcel of his motion for relief from judgment filed in his first proceeding, case no. 14-60157-Civ-Moreno. He further suggests that the "clerical error" by the Clerk when it opened the instant proceeding under case no. 14-24300-Civ-Moreno, and then administratively closed it, assigning it the instant case number, also contributed to the delay and should serve to excuse the untimeliness of the filing.

### III. Threshold Issue-Successiveness

It is worth noting at the outset that this proceeding is not subject to dismissal as an authorized successive federal §2255 motion because movant's first §2255 motion was dismissed, without prejudice, based on movant's failure to comply with this court's orders, and no determination on the merits of the claims raised therein was had. See Slack v. McDaniel, 529 U.S. 473, 485-86

9

(2000)(holding that habeas petition filed in district court after an initial habeas petition was not adjudicated on the merits, but dismissed for failure to exhaust state court remedies, was not successive); see also, Pratt v. United States, 129 F.3d 54, 60-61 (1st Cir. 1997); Galtieri v. United States, 128 F.3d 33, 37-38 (2nd Cir. 1997)(§2255 motion dismissed for technical reasons, apart from the merits, does not trigger application of the gatekeeping rules).

## IV. Legal Standard-Timeliness

Pursuant to 28 U.S.C. §2255(f), motions filed under that section are subject to a one-year federal limitations period. The court must determine whether the instant federal proceeding is subject to dismissal as time-barred. The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") created a limitation for a motion to vacate. Pursuant to 28 U.S.C. §2255(f), as amended April 24, 1996, a one year period of limitations applies to a motion under the section. The one year period runs from the latest of:

> (1) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant is prevented from filing by such governmental action;
>
> (3) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) The date on which the facts supporting

>                    the claim or claims could have been
>                    discovered through the exercise of due
>                    diligence.

See 28 U.S.C. §2255(f)(1)-(4); see also, Pruitt v. United States, 274 F.3d 1315, 1317 (11th Cir. 2001). The burden of demonstrating that the AEDPA's one-year limitation period was sufficiently tolled, whether statutorily or equitably, rests with the movant. See e.g., Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005); Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

## V.  Discussion

Under §2255(f)(1), movant's motion had one year from the time his convictions became final within which to file this §2255 proceeding. As will be recalled, movant's criminal judgment became final at the latest on **February 19, 2013,** when certiorari review was denied by the Supreme Court. Thus, the movant had one year from the time his conviction became final, or no later than **February 19, 2014,** within which to timely file this federal habeas petition. See Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986); See also Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008)(citing Ferreira v. Sec'y, Dep't of Corr's, 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)(suggesting that the limitations period should be calculated according to the "anniversary method," under which the limitations period expires on the anniversary of the date it began to run); accord United States v. Hurst, 322 F.3d 1256, 1260-61 (10th Cir. 2003); United States v. Marcello, 212 F.3d 1005, 1008-09 (7th Cir. 2000)). Applying the anniversary method to this case means movant's limitations period would expire on **February 19, 2014**. The

11

initial motion was signed, and absent evidence to the contrary, considered filed on **November 12, 2014**. (Cv-DE#1). The November 2014 filing date is well beyond the one-year federal limitations period.

Although Movant's section 2255 motion is clearly untimely under §2255(f)(1) and (3), this does not, however, end the inquiry here. Under §2255(f)(2), construing movant's arguments liberally here, it appears as if he means to suggest that the government or this court somehow impeded his ability to timely file this action. As narrated in excruciating detail above, that is not the case. The movant was provided with numerous opportunities to timely perfect the filing of his §2255 motion in his first proceeding, case no. 14-60157-Civ-Moreno. He did not do so, and the matter was dismissed. Although his objections arguably were executed within the 14-day period, but were not received by the court until after judgment had been entered, the court in fact considered this and other arguments posed by movant in his motion for reconsideration. After careful review of the record, the district court exercised its discretion and denied reconsideration of the matter. Rather than file a timely appeal therefrom, the movant did nothing, waiting some four to five months until he filed yet another motion seeking to relieve himself from the entry of the judgment, and attaching yet another §2255 motion. At that juncture, however, his first §2255 proceeding had concluded, and the Clerk properly opened the filing as this second proceeding currently before the court.

What is abundantly clear from the procedural history of movant's filings is that the untimeliness of this proceeding was not due to any government or court created impediment, but rather due to the movant's own dilatory behavior. It is worth mentioning that as early on as the first §2255 proceeding, the movant was advised that, as a result of his non-compliance with the court's

12

orders, if he chose to return to the court in the future, he would be subject to all applicable timeliness and procedural requirements. (14Cv60257:Cv-DE#11:3).

Furthermore, even if the movant means to argue that the filing of his November 2014 is somehow an amendment to his timely initial motion filed in his first §2255 proceeding, such an argument fails. Pursuant to Fed.R.Civ.P. 15(a), the filing of the November 2014 motion does not relate back to the initial, timely filed §2255 motion in case no. 14-60257-Civ-Moreno. This is so because the filing of the initial November 2014 motion here cannot be considered an amendment to the prior §2255 proceeding since that case had been dismissed and closed by the time the movant attempted to refile the November 2014 motion in that proceeding, which was re-opened as a new case here. See Henderson v. Sec'y, Fla. Dep't of Corr's, 441 Fed.Appx. 629 (11th Cir. 2011)(unpublished)(*citing* Jones v. United States, 304 F.3d 1035, 1043 n.16 (11th Cir. 2002)(finding a new petition cannot be considered an amendment to an earlier petition if the earlier petition has been denied and the case closed); see also, United States v. Hames, 431 Fed.Appx. 846 (11th Cir. 2011)(unpublished)(affirming dismissal of motion to amend, challenging court's lack of subject matter jurisdiction, filed some ten years after final judgment entered on an original §2255 motion)(*citing* Jacobs v. Tempur-Pedic Int'l, Inc., 626 F.3d 1327, 1344-45 (11th Cir. 2010); Burns v. United States, 152 Fed.Appx. 887 (11th Cir. 2005)(unpublished)(*citing* Jones v. United States, supra.).

Other courts to have considered the issue have also found that Rule 15 cannot be applied to amend a timely, but already dismissed or denied habeas petition. See Neverson v. Bissonnette, 261 F.3d 120, 126 (1st Cir. 2001)(citations omitted); Warren v. Garvin, 219

F.3d 111, 114 (2nd Cir. 2000); United States v. Williams, 77 Fed.Appx. 200 (5th Cir. 2003)(unpublished). See also, Conaway v. United States, 2014 WL 4716288 (M.D. Ga. Sept. 22, 2014); Gilliam v. United States, 2014 WL 3778825 (E.D.N.Y. July 31, 2014); United States v. Reed, 2013 WL 2468734 (N.D. Ga. June 7, 2013)(same); Weeks v. United States, 2010 WL 4854063 (M.D. Fla. 2010).

Thus, under the totality of the circumstances present here, the movant's November 2014 motion (14Cv62579; Cv-DE#1) cannot be construed as an amended motion under Rule 15, thereby having it relate back to the initial, timely filed motion in case no. 14-60157-Civ-Moreno. This is so because the first §2255 proceeding was dismissed without prejudice and the case closed. As such, it is as if the initial motion in the former case had never been filed. See Neverson, 261 F.3d at 126. Accordingly, this federal proceeding is time-barred, having been instituted well over one year after movant's conviction became final.

However, this does not end the inquiry. In certain instances, the limitation period may run from the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. §2255(f)(4). Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000). See also Shannon v. Newland, 410 F.3d 1083, 1089 (9th Cir. 2005)(holding that an unrelated state court decision which established an abstract proposition of law helpful to petitioner's habeas claim did not constitute a "factual predicate" for purposes of triggering one-year period of limitations). In other words, the discovery of a new legal theory does not constitute a discoverable "fact" for purposes of §2255(f)(4). See Barreto–Barreto, 551 F.3d at 99 n.4 (finding that discovery of new legal theory does not constitute discoverable "fact" for purposes of §2255(f)(4)); Owens

v. Boyd, 235 F.3d at 359. In this case, the factual predicate for the claim could have been discovered by movant well within the one-year federal limitations period, and in fact, as early on as the time of trial. Here, movant offers nothing to suggest that the factual predicate was not discoverable before expiration of the one-year federal limitations period.

Additionally, the United States Supreme Court has also held that the one-year limitations period is subject to equitable tolling in appropriate cases. See Holland v. Florida, 560 U.S. 631, 130 S.Ct. 2549 (2010); see also, Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009)(citations omitted); Jones v. United States, 304 F.3d 1035, 1039 (11th Cir. 2002)(citations omitted). The burden is on the movant to demonstrate that he/she is entitled to the extraordinary relief of equitable tolling, meaning that the movant must show that he/she has exercised reasonable diligence and that extraordinary circumstances prevented him/her from timely filing this motion to vacate. Holland, 560 U.S. at 644; 130 S.Ct. at 2562. See also Hunter v. Ferrell, 587 F.3d at 1308 (citations omitted); Outler v. United States, 485 F.3d 1273, 1280 (11th Cir. 2007); Wade v. Battle, 379 F.3d 1254, 1264-65 (11th Cir. 2004).

Given the detailed procedural history above, the movant has made no showing of extraordinary circumstances or diligence on his part to justify equitable tolling of the federal one-year limitations period. Because the record is devoid of evidence to satisfy either prong of the equitable tolling test, the undersigned cannot find that movant's untimely filing of this petition is rescued by principles of equitable tolling. In conclusion, this is simply not one of those rare cases in which principles of equitable tolling can save the movant from the one-year limitations period.

Rather, it was movant's own dilatory actions that resulted in the untimely filing of this proceeding. Movant's failure to comply with court orders in his first §2255 proceeding inured to his detriment, resulting in the expiration of his one-year limitations period. In that proceeding, the movant was cautioned that there would be but one opportunity to file a final amended motion in accordance with the court's final order, and that failure to do so would result in the dismissal of this proceeding without prejudice. The movant has ignored the court's order and failed to comply with this court's orders. Dismissal was therefore warranted and justified. See Fed. R. Civ. P. 41(b); Equity Lifestyle Props, Inc. v. Fla. Mowing & Lanscape Serv., Inc., 556 F.3d 1232, 1241 (11th Cir. 2009) (noting that "[a] district court need not tolerate defiance of reasonable orders"); see, e.g., Muhammad v. Bethel, 430 Fed. Appx. 750 (11th Cir. 2011) (affirming *sua sponte* dismissal of *pro se* litigant's Section 1983 suit for failing to comply with the district court's order to file double-spaced, concise, amended complaint following a warning that non-compliance with the order would result in dismissal); Niebla v. McNeil, 2008 WL 2477659 (N.D. Fla. June 17, 2008) (dismissing Section 2254 petition without prejudice after petitioner failed to comply with an order requiring an amended petition); Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. den'd, 493 U.S. 863 (1989); United States v. Johnson, 2012 WL 4039683 (N.D. Fla. 2012).

Moreover, to the extent movant attempts to excuse the untimeliness by arguing his unfamiliarity with the legal process or ignorance of the law, these assertions do not support equitable tolling.[5] See Johnson v. United States, 544 U.S. 295, 311, 125

---

[5] As correctly maintained by Movant, pro se filings are subject to less stringent pleading requirements, Estelle v. Gamble, 429 U.S. 97, 106 (1976), and should be liberally construed with a measure of tolerance. See Haines v. Kerner, 404 U.S. 519 (1972). See also Gomez-Diaz v. United States, 433 F.3d 788, 791

S.Ct. 1571, 1582 (2005)(stating that "the Court has never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."). See also Rivers v. United States, 416 F.3d at 1323 (holding that while movant's lack of education may have delayed his efforts to vacate his state conviction, his procedural ignorance is not an excuse for prolonged inattention when promptness is required); Carrasco v. United States, 2011 WL 1743318, *2-3 (W.D.Tex. 2011)(finding that movant's claim that he just learned of Padilla decision did not warrant equitable tolling, although movant was incarcerated and was proceeding without counsel, because ignorance of the law does not excuse failure to timely file §2255 motion).

Consequently, a movant's belated realization of the purported legal significance of the facts does not delay commencement of the limitations period. As indicated above, movant appears to be improperly confusing his knowledge of the factual predicate of his claims with the time permitted for gathering evidence and/or additional legal support for those claims. See Flanagan v. Johnson, 154 F.3d 196, 198-99 (5th Cir. 1998). See also Worthen v. Kaiser, 952 F.2d 1266, 1268-68 (10th Cir. 1992)(holding that habeas petitioner's failure to discover the legal significance of the operative facts does not constitute cause). Finally, movant has not demonstrated that any unconstitutional government action prevented him from timely filing the instant §2255. See 28 U.S.C. §2255(f)(2).

Thus, movant has failed to show that he is entitled to be

---

(11th Cir. 2005); Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991). However, contrary to Movant's apparent belief, the policy of liberal construction for pro se litigants' pleadings does not extend to a "liberal construction" of the one-year limitations period.

excused from the applicable limitations period for any or all of the reasons provided. Movant did not file this §2255 motion until more than a year after the statute of limitations had expired, and in fact, it was not filed until some four months after the first §2255 proceeding had been dismissed. Nothing other than movant's own lack of due diligence is responsible for the untimeliness of the filing of the instant motion to vacate.

### VI. Evidentiary Hearing

To the extent petitioner requests an evidentiary hearing on this matter, the request must be denied. To determine whether an evidentiary hearing is needed, the question is whether the alleged facts, when taken as true, show both extraordinary circumstances and reasonable diligence entitling a petitioner to enough equitable tolling to prevent his motion to vacate or habeas petition from being time-barred. See generally Chavez v. Sec'y Fla. Dep't of Corr's, 647 F.3d 1057, 1060-61 (11th Cir. 2011)(holding that an evidentiary hearing on the issue of equitable tolling of the limitations period was not warranted in a §2254 proceeding and further finding that none of the allegations in the habeas petition about what postconviction counsel did and failed to do came close to the serious attorney misconduct that was present in Holland, instead, were at most allegations of garden variety negligence or neglect). If so, he gets an evidentiary hearing and the chance to prove that those factual allegations are true. Id. As noted by the Eleventh Circuit, "[t]he allegations must be factual and specific, not conclusory. Conclusory allegations are simply not enough to warrant a hearing." Id. at 1061. Based upon the reasons stated above, this is not one of those cases where an evidentiary hearing is warranted on the limitations issue or otherwise.

## VII. <u>Certificate of Appealability</u>

As amended effective December 1, 2009, §2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §2253(c)(2)." <u>See</u> Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts. A §2254 petitioner "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." <u>See</u> Fed.R.App.P. 22(b)(1). Regardless, a timely notice of appeal must still be filed, even if the court issues a certificate of appealability. <u>See</u> 28 U.S.C. §2254 Rule 11(b).

However, "[A] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." <u>See</u> 28 U.S.C. §2253(c)(2). To make a substantial showing of the denial of a constitutional right, a §2254 petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-37 (2003) (citations and quotation marks omitted); <u>see also</u> <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); <u>Eagle v. Linahan</u>, 279 F.3d 926, 935 (11th Cir. 2001). After review of the record in this case, the Court finds the petitioner has not demonstrated that he has been denied a constitutional right or that the issue is reasonably debatable. <u>See</u> <u>Slack</u>, 529 U.S. at 485; <u>Edwards v. United States</u>, 114 F.3d 1083, 1084 (11th Cir. 1997). Thus, issuance of a

certificate of appealability is not warranted and should be denied. Notwithstanding, if petitioner does not agree, he may bring this argument to the attention of the district judge in objections.

### VIII. Conclusion

Based on the foregoing, it is recommended as follows: (1) the instant motion to vacate be dismissed as time-barred; (2) that no certificate of appealability issue; and, (3) that the case be closed

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 27th day of July, 2015.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Gary Baptiste, Pro Se
Reg. No. 91358-004
U.S.P.-Atwater
Post Office Box 019001
Atwater, CA 95301

Brent Tantillo, AUSA
United States Attorney's Office
500 E. Broward Blvd., 7th Floor
Fort Lauderdale, FL 33394
Email: brent.s.tantillo@usdoj.gov